IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSHUA GARCIA. | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO.  5:19-cv-764 |
| SANDBOX TRANSPORTATION, LLC | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § § § | |

## COMPLAINT

1. Plaintiff Joshua Garcia brings this suit under the Fair Labor Standards Act ("FLSA") to recover overtime wages owed to him by his former employer, Sandbox Transportation, LLC.  *See* 29 U.S.C. §§ 207(a)(1), 216(b).

## JURISDICTION

2. The Court has jurisdiction because Plaintiff asserts a claim for overtime pay under a federal statute, the FLSA.

## VENUE

3. Venue is proper in this District and Division because Plaintiff worked for Defendant in and around Kennedy, Texas, which is located in Karnes County.

## PARTIES

4. Plaintiff is an individual residing in Texas.

5. Defendant is a Texas-based limited liability company.

6. Defendant may be served through its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

**COVERAGE**

7. At all times relevant, Defendant employed two or more employees and had annual revenue of at least $500,000.

8. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

9. At all times relevant, Defendant had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10. At all times relevant, Defendant was an "employer" and Plaintiff was an "employee" as those terms are defined and interpreted under the FLSA.

11. Defendant and Plaintiff had an employer-employee relationship from approximately January 10, 2017 to June 24, 2018.[1]

**VIOLATION OF THE FLSA**

12. At all times relevant, Plaintiff's primary duty was to perform nonexempt work for Defendant.

13. Plaintiff frequently worked more than 40 hours per week while employed by Defendant. Plaintiff customarily and regularly worked more than 80 hours a week for Defendant.

14. Defendant paid Plaintiff either an hourly rate or a day rate (typically $300.00 per day) without any additional compensation for the overtime hours—*i.e.*, the hours over 40—he worked each week.

15. Defendant failed to pay an overtime premium for each overtime hour Plaintiff worked for Defendant.

---

[1] The timeframes listed are merely estimates. Defendant's payroll records will likely provide more precise dates of employment.

16.     Defendant owes Plaintiff 1.5 times his regular rate of pay for each overtime hour he worked for Defendant during the three year-period immediately preceding the filing of this lawsuit.

17.     Defendant owes Plaintiff liquidated damages in the same amount as the overtime wages it owes him.

18.     Defendant is also responsible for paying Plaintiff's attorneys' fees and costs associated with prosecuting this lawsuit.

19.     Plaintiff did not perform work that qualifies as a Driver, Driver's Helper, Mechanic, or Loader (as those terms are defined by applicable regulations and interpreted under applicable case law) during his employment relationship with Defendant.  As such, the FLSA's Motor Carrier Act exemption does not apply to Plaintiff.

20.     Pleading in the alternative, to the extent that Plaintiff's work is defined as that of a Driver, Driver's Helper, Mechanic, or Loader, Plaintiff is still entitled to overtime pay under the FLSA because he performed qualifying work on motor vehicles with a Gross Vehicle Weight Rating of 10,000 pounds or less, on a regular and recurring basis.  As such, Plaintiff meets the "small vehicle" exception to the Motor Carrier Act exemption, as set forth in the SAFETEA-LU Technical Corrections Act of 2008.

## **WILLFUL VIOLATION**

21.     Defendant willfully violated the FLSA.  Defendant either knew it should pay Plaintiffs 1.5 times his regular rate of pay for each overtime hour worked or Defendant recklessly disregarded its obligation to do so.

## **JURY TRIAL DEMANDED**

22.     Plaintiff demands a jury trial on all liability and damages issues.

**PRAYER FOR RELIEF**

Plaintiff requests a judgment against Defendant Sandbox Transportation, LLC for the following:

a. Unpaid overtime wages;

b. Liquidated damages in the same amount as the overtime wages;

c. Prejudgment interest;

d. Attorneys' fees and costs incurred in prosecuting this lawsuit;

e. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f. All other relief the Court finds proper, whether at law or in equity.

Respectfully submitted,

THE CLIFFORD LAW FIRM, PLLC

By: s/ Dennis A. Clifford
Dennis A. Clifford
Tex. Bar No. 24050431
S.D. Tex. No. 611330
712 Main Street, Suite 900
Houston, TX 77002
713-999-1833 – Telephone
866-232-0999 – Facsimile
dennis@cliffordemploymentlaw.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF